MARVIN WAITE, APPELLANT, V. MRS. LELAND BRIGGS, ALSO KNOWN AS LILLIAN BRIGGS, DOING BUSINESS AS LOVELAND ROCKBROOK BUS LINES, APPELLEE.

120 N. W. 2d 547

Filed March 22, 1963. No. 35414.

Wear, Boland, Mullin & Walsh and McCormack, McCormack & Brown, for appellant.

Kneifl & Kneifl, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiff, Marvin Waite, brought this action to recover the damages to his automobile which were caused by an accident in Omaha, Nebraska, on January 26, 1960. The defendant is Mrs. Leland Briggs, also known as Lillian Briggs, doing business as Loveland Rockbrook Bus Lines. At the close of the plaintiff's evidence the trial court sustained the defendant's motion to dismiss the action. The plaintiff's motion for new trial was overruled and he has appealed.

The only evidence which the parties present in this court is whether the evidence of the plaintiff was sufficient to create a question for the jury on the issue of the defendant's negligence. That question must be determined pursuant to the rule that the defendant's motion to dismiss the action admits, for the purpose of the decision on the motion, the truth of the material and relevant evidence of the plaintiff, and the plaintiff is entitled to have every controverted fact resolved in

his favor and to have the benefit of every reasonable inference that may be deduced from the evidence. Sterner v. Lehmanowsky, 173 Neb. 401, 113 N. W. 2d 588.

The accident occurred on Center Street just east of the intersection of Eighty-second Avenue. Center Street is a state highway running east and west. Eighty-second Avenue runs south from Center Street and is surfaced with gravel. The first intersection west of Eighty-second Avenue is Eighty-fourth Street. Center Street slopes downhill from Eighty-fourth Street to a point approximately 200 feet west of Eighty-second Avenue. From that point east there is a slight upgrade to the top of the next hill east of Eighty-second Avenue.

The accident happened at about 4:40 p. m. It was raining and sleeting at the time and the brick surface of Center Street was icy and very slippery. The plaintiff's automobile was not equipped with chains or snow tires.

The plaintiff testified that he drove his automobile north on Eighty-second Avenue and stopped at Center Street; that he let an eastbound car go by; that he looked to the west and saw the school bus coming over the hill; that the bus was about halfway down the hill and over 500 feet west of the intersection when he drove onto Center Street; that he had trouble getting traction and his wheels were spinning; that he was moving slowly and was two or three car lengths east of the intersection when the bus struck the rear of his automobile; that the impact pushed his automobile off of the road and into the ditch on the south side of the road; that there is a cement post by a culvert on the south side of the highway east of the intersection; that there was westbound traffic on Center Street near the place of the accident at the time of the accident; and that after the accident he stated that he did not believe that the bus driver could have avoided the accident.

As we view the record, the evidence tended to estab-

lish the allegations of the plaintiff that the operator of the defendant's bus was negligent in failing to keep a proper lookout and in failing to keep the bus under proper control. Generally it is negligence for a motorist to drive a motor vehicle on a highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision. Schwartz v. Hibdon, 174 Neb. 129, 116 N. W. 2d 187. See, also, Eden v. Klaas, 166 Neb. 354, 89 N. W. 2d 74. The evidence in this case was sufficient to create a question for the jury as to whether the defendant was negligent and, if so, whether the defendant's negligence was the proximate cause of the accident.

The amended answer alleged that the proximate cause of the accident was the negligence of the plaintiff which was more than slight. The defendant argues that the evidence establishes, as a matter of law, that the plaintiff was guilty of contributory negligence which was more than slight and which precludes him from any recovery.

Where the driver of a motor vehicle approaching a through street or highway stops and looks and sees an approaching vehicle on the favored street or highway but erroneously judges its speed or distance or for some other reason assumes he can proceed with safety and not have a collision, the question of whether he was guilty of contributory negligence which was the proximate cause of the collision is usually a jury question. Biggs v. Gottsch, 173 Neb. 15, 112 N. W. 2d 396.

The evidence in this case does not establish, as a matter of law, that the plaintiff was guilty of contributory negligence which was more than slight and the proximate cause of the accident. The defendant's motion to dismiss the action should have been overruled.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.