EDD STEEL, APPELLEE AND CROSS-APPELLANT, V. EMMANUEL NORDIN, APPELLANT AND CROSS-APPELLEE.

124 N. W. 2d 921

Filed November 22, 1963. No. 35476.

Maupin, Dent, Kay & Satterfield, Clinton J. Gatz, and Donald E. Girard, for appellant.

Murphy, Pederson & Piccolo, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Edd Steel, plaintiff and appellee, growing out of an accident wherein the plaintiff claims to have sustained injuries and damages which he asserts were caused by negligence of Emmanuel Nordin, defendant and appellant. The action was tried to a jury and a special verdict was returned in favor of the plaintiff and against the defendant. A judgment was rendered in favor of the plaintiff and against the defendant for $13,163.31 with interest at 6 percent per annum from November 15, 1962, and costs, pursuant to indications contained in the verdict. From this judgment the defendant has appealed and the plaintiff has filed a cross-appeal.

The trial proceeded in due course and at the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict. This motion was overruled. The defendant adduced his evidence and rebuttal evidence was adduced by the plaintiff. At the conclusion of all of the evidence the defendant moved for a directed verdict in his favor. The plaintiff moved for a directed verdict in his favor. These motions were overruled. The case was then submitted and the results which have been mentioned followed.

After the verdict was returned the defendant filed a motion for judgment notwithstanding the verdict and with it a motion for new trial. The plaintiff also filed a motion for judgment notwithstanding the verdict.

Afterward a judgment was rendered in favor of plaintiff and against the defendant for $13,163.31, the amount mentioned earlier herein. The motions of the parties for judgment notwithstanding the verdict and the defendant's motion for new trial were overruled.

The defendant's motion for judgment notwithstanding the verdict contains assignments of numerous rea-

sons why it should have been sustained, which are reasserted as assignments of error in this court as grounds for reversal of the judgment. One of these is that there was an insufficiency of evidence to support a submissible issue of the liability for the damage claimed by plaintiff to a jury. This question presented by assignment of error calls for first consideration herein. This is true since if the evidence is insufficient prima facie to establish liability the other asserted grounds for reversal require no consideration in this opinion.

The action here grew out of an accident which occurred in Lincoln County, Nebraska, on September 13, 1957, and was instituted by the filing of the petition on August 24, 1960. The allegations of negligence, briefly stated, are that at about 11:30 p.m. on September 13, 1957, the defendant carelessly and negligently, suddenly, without warning, and while failing to have his car under proper control and while failing to keep a proper lookout for plaintiff, who was standing behind the car, as he knew, backed his Ford car with great force and violence into and against the plaintiff in such manner that the rear bumper of defendant's car crushed and broke both of plaintiff's legs and thus proximately caused injuries, disabilities, and damages to the plaintiff. The claimed character of the injuries and damages are pleaded, but a statement thereof is of no importance here. By answer the defendant denied these allegations.

The evidence as to how the accident happened is not in any large measure in dispute. The parties agree that on the evening of the accident at the home of plaintiff, which is on a farm and ranch, they with their wives and another couple had a party. On the farm the plaintiff produced some watermelons and muskmelons. At the conclusion of the party the plaintiff offered to supply the defendant with some melons. The two got into the car, a 1951 Ford, and drove to the melon patch where some melons were obtained and placed in the car. After this the plaintiff informed the defendant that in a truck

in the barn, which was not far from the house, were some other melons some of which he offered to give to the defendant. The barn had a driveway extending from north to south and the truck with the melons stood just inside a door which was at the north end of the barn. This was a hanging door which was opened and shut by moving it back and forth by rollers on a track from which it was suspended. At the outset of events involved here the door was closed. The area was not lighted and light from adjacent areas did not extend into it.

On departure from the melon patch to get the melons at the barn the parties agreed that the defendant should drive back to the north of the barn to a driveway lead-ing from the north southward to the barn and place his car thereon so as to back it to or near the door in order that melons from the truck could be loaded into it. The car was so placed and stopped a distance, estimated at 20 to 30 feet by the plaintiff and at 25 to 30 feet by the defendant, from the door, and the plaintiff got out of the car on the right-hand side. He had a flashlight which is not in evidence and has not been described.

It was a rainy or misty night and the soil was wet which caused the tires of the car, when it was in motion, to slip or spin on the driveway on backward movement toward the door. On the driveway extending north-ward about 2 feet was a cement slab. Extending north-ward from this slab for 8 or 10 feet was an area of gravel. From the door northward in a distance of about 16 feet the driveway declined about 15 inches.

When the car stopped the plaintiff got out on the right-hand side with his flashlight and started walking, always on the right-hand side and out of the path of the car, and signaling for backward movement of the car by the defendant.

The testimony of the plaintiff is that the car started backward pursuant to these signals and never did at any time stop until this accident happened. The evi-

dence discloses that the plaintiff moved faster than the car and when he got to a point not clearly fixed but which he desired and would have permitted the defendant to stop within 6 feet of the barn door, he signaled for defendant to stop. At that time he was still not within the path of the car which he at the time knew was moving backward.

The defendant observed the movements of the plaintiff through the window or windows on the side and the rear of the car as he moved backward with his flashlight alongside the driveway. There is no evidence that he ever saw any character of stop signal or saw or could have seen the plaintiff behind or in the path of the moving car. There is evidence that the defendant could not have seen the door from his position in the car because of absence of lighting facilities, and there is none that he could have seen the plaintiff or other objects.

Immediately after giving the signal which he said that he gave to the defendant to stop, with full knowledge that the car was moving and without waiting to see if he did, would, or could stop the car, the plaintiff turned and moved from his place of safety into the path of the car and started to open the door to the barn. After he had started to open the door, as he testified, he sensed that the car had not stopped, whereupon he turned facing the car and was pushed back into the door, and as a result thereof the bones below the knees of both legs were fractured.

The defendant testified that he saw no signal to stop and could not see anything behind the car before the accident.

There is evidence that at some point after the backward movement of the car started, the car increased its speed but none that it had ever stopped before the accident.

The plaintiff adduced evidence the effect of which was to say that after the accident the defendant stated that the increased speed was caused by his foot slipping

off of the clutch. This is denied by the defendant. The inference which flows from his testimony is that the speeding up came about when the tires reached the graveled area of the driveway, with a possibility that his foot may have slipped on the brake pedal.

It is pointed out that the evidence discloses that there was no intention on the part of the plaintiff that the car should be backed into the barn, but only that it should be backed to a point near the door so that the melons could be transferred from the truck to the car without the parties getting wet. The plaintiff intended that it should be stopped about 6 feet outside but there is no evidence that this intention as to distance was communicated to the defendant. On the basis of this intention on the part of the plaintiff and on reliance on the signal which he said he gave, he turned from his position at the side of the driveway and moved into the path of the moving car and, as has been said, was struck and injured.

It is submitted that upon this résumé of evidence the question of whether or not the plaintiff has sustained sufficient proof of a cause of action depends.

In an approach to a determination of this question the following rule must be given consideration and application and it must control if the evidence meets its affirmative exactions, in which event the right to a judgment notwithstanding the verdict would require denial: "The question of the existence of negligence or contributory negligence is for a jury where different minds may reasonably draw different conclusions from the evidence as to the existence of negligence or contributory negligence." Hickman v. Parks Constr. Co., 162 Neb. 461, 76 N. W. 2d 403, 62 A. L. R. 2d 1040. See, also, Sayers v. Witte, 171 Neb. 750, 107 N. W. 2d 676.

The matter for consideration at this point does not relate to this rule in its entirety but only to the evidence of contributory negligence of the plaintiff, that is whether or not the plaintiff was guilty of contribu-

tory negligence of such a character and in such a degree as to defeat a right of recovery.

The defendant contends that the evidence without reasonable dispute discloses that the plaintiff was guilty of such contributory negligence. He contends that the following rule is applicable and that under it he is entitled to judgment in his favor: "When one, being in a place of safety, sees and is aware of the approach of a moving vehicle in close proximity to him, suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree, as a matter of law, and precludes recovery." Travinsky v. Omaha & C. B. St. Ry. Co., 137 Neb. 168, 288 N. W. 512. This pronouncement was quoted with approval in Hughes v. Omaha & C. B. St. Ry. Co., 143 Neb. 47, 8 N. W. 2d 509. See, also, Gade v. Carlson, 154 Neb. 710, 48 N. W. 2d 727; Heinis v. Lawrence, 160 Neb. 652, 71 N. W. 2d 127, 52 A. L. R. 2d 1428; Corbitt v. Omaha Transit Co., 162 Neb. 598, 77 N. W. 2d 144; Larsen v. Omaha Transit Co., 168 Neb. 205, 95 N. W. 2d 554.

The plaintiff contends that this rule does not apply to the case here and that here was a jury question under the rule stated in Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355, as follows: "Where such a driver looks but does not see an approaching motor vehicle because of unusual conditions or circumstances, or sees the approaching vehicle and erroneously misjudges its speed or distance, or for some other reason assumes he could safely complete the movement, the question of negligence is usually for the jury." The rule which the defendant contends is applicable is also considered in this case and is in nowise modified or overruled. The two rules are also considered in Waite v. Briggs, ante p. 104, 120 N. W. 2d 547, and there the rule contended for by defendant is not modified or overruled.

Examination makes it clear that before the rule presented by the plaintiff can operate some condition must

be existent or come about the effect of which might or could reasonably be misleading or mistaken. This examination furnishes no excuse in instances where a person in a place of safety, seeing and being aware of the approach of a moving vehicle in close proximity to him, suddenly moves from his place of safety into the path of the vehicle and is struck and injured.

Conclusively and without substantial dispute this describes the conduct of the plaintiff which led to the accident involved here and the consequent injuries to the plaintiff. In the light of the controlling rules he was guilty of contributory negligence in a degree which was as a matter of law more than slight, the consequence of which is that the verdict in his favor may not be allowed to stand. Under the evidence no jury question was involved.

At the conclusion of the evidence in the case the defendant was entitled to a directed verdict in his favor. This was denied. After verdict he was entitled to a judgment in his favor notwithstanding the verdict. This was denied. He is now entitled to a judgment in his favor notwithstanding the verdict.

Accordingly the judgment of the district court is reversed and the cause remanded to that court with directions to render judgment in favor of the defendant on his motion for judgment notwithstanding the verdict.

The other questions raised by the parties require no consideration herein.

REVERSED AND REMANDED WITH DIRECTIONS.