GUY F. PENSYL, APPELLANT, V. BERNARD N. GIBB ET AL., APPELLEES.

156 N. W. 2d 27

Filed February 2, 1968. No. 36660.

William H. Mecham and Jack L. Spence, for appellant.

Fraser, Stryker, Marshall & Veach and Herbert M. Fitle, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The intersection of Fifty-second and Dodge Streets in Omaha, Nebraska, was partially blocked, on a rainy, misty night, by an automobile accident. To the west, the south side of Dodge Street was blocked by barricades and parked emergency vehicles. Plaintiff police officer, with a baton flashlight, was standing near the center of Dodge Street intermittently stopping and funneling to the left the two lanes of eastbound traffic into one lane to the north across the intersection. Plaintiff, receiving a signal from his partner officer to the east, waved the eastbound traffic forward, looked again to the east to make sure the traffic could continue and as he turned

around, not changing his position in the street, was hit by the defendant's eastbound automobile in the first lane north of the south curb lane on Dodge Street. Defendant had been stopped behind several parked vehicles waiting for the officer's signal, followed the one ahead of him at about 4 miles per hour, and the first time he saw plaintiff was when he observed his hands on the hood of the automobile.

The jury returned a verdict for defendant and plaintiff appeals. We reverse the judgment and remand the cause for a new trial.

The court in instruction No. 17, said: "The plaintiff herein as a police officer has a right to be in the street in the performance of his duties as a police officer, but, in this connection, *you are instructed that he cannot by virtue of that right be heedless of the rights of others who have a lawful right to use the streets and highways.* He had the legal right to assume that his rights in the use of the street would be respected by other users of the street, but one having the right to be in the street may not on that account proceed *serenely unconscious of the surrounding circumstances.*" (Emphasis supplied.)

The giving of the underlined portions of the above instruction was prejudicial error. As a matter of law the plaintiff, as a police officer, had a right to be where he was. Anderson v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182. There is no pleading or evidence to support these statements in the instruction. The plaintiff's evidence is uncontradicted that he turned in the same position on the street where he was and faced the west when he was hit. The defendant's evidence was that the first time he saw plaintiff was when he observed his hands on the hood of the car. Obviously, there was no evidence of heedlessness or proceeding "serenely unconscious of the surrounding circumstances." The evidence in the record is to the contrary. It is prejudicial error to submit to the jury an essential issue of fact for which there is no proof. Colton v. Benes, 176 Neb. 483, 126 N. W.

2d 652. These statements in the instruction are without qualification and, in context, constitute prejudicial comments on the evidence and are therefore forbidden. Even assuming there was such evidence, this instruction, by reasonable construction assumes as established a disputed issue of fact and therefore is erroneous. Schrage v. Miller, 123 Neb. 266, 242 N. W. 649; Terry v. Beatrice Starch Co., 43 Neb. 866, 62 N. W. 255; Jessup v. Davis, 115 Neb. 1, 211 N. W. 190, 56 A. L. R. 1403. In the last part of instruction No. 17, too lengthy to repeat here, the court instructed the jury fully on the duty of the plaintiff to not move from a place of safety into the path of danger. Steel v. Nordin, 175 Neb. 900, 124 N. W. 2d 921. Again the defendant did not plead this act of contributory negligence and there is no evidence to support a finding that the plaintiff moved from his position into the path of defendant's vehicle. The evidence is that he remained in a stationary position where he had a right to be. Instruction No. 17 was prejudicially erroneous and should not have been given.

The giving of instruction No. 16 relating to and defining reasonable control was correct. We have examined this instruction and find no error in it.

The plaintiff pleaded that he was a police officer on street duty directing traffic and that the defendant failed to keep a proper lookout for him. It was therefore the trial court's duty on its own motion to instruct on this issue. Carlson v. Chambers, 173 Neb. 166, 112 N. W. 2d 729. The proper discharge of a policeman's duty, under these circumstances, requires him to assume a position on the highway, which, in view of the close proximity of approaching traffic, is necessarily a place of danger. In order to perform these duties the law does not require him to keep a constant lookout for the approach of cars from any and all directions. When stationed at his post in a proper place and attending his duties he is entitled to assume that an oncoming motorist will observe him. His duty is to keep a reasonable look-

out and to exercise care in the circumstances commensurate with the dangers and consistent with the faithful performance of the duties of his employment. Anderson v. Nincehelser, *supra;* 4 Blashfield, Automobile Law and Practice (3d Ed.), §§ 144.5 to 144.9, pp. 155 to 167; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 386, p. 937.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.