ARMON LOY TODD, JR., A MINOR, BY ARMON L. TODD, HIS FATHER AND NEXT FRIEND, APPELLEE, V. RALPH BOALS ET AL., APPELLANTS.

187 N. W. 2d 284

Filed May 28, 1971. No. 37776.

Jewell, Otte & Pollock, for appellants.

Cecil W. Orton and Leroy W. Orton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

While plaintiff Armon Loy Todd, Jr., was weeding a

bean field farmed by defendants, Boalses, Todd sustained physical injury accidentally caused by a fellow worker. This resultant action was tried on the theory that Boalses would not be liable if the work group had been an independent contractor. The verdict went for Todd. Boalses appeal. They assert that as a matter of law the group was an independent contractor and that errors in a jury instruction prejudiced them.

On July 17, 1965, the date of the injury, the group comprised Todd, age 15, and 5 other boys, ages 15 and 16. It had begun to form without Todd earlier in the summer. Having weeded a bean field of Leland George under his supervision, the boys moved to the farm of George Stading. He separated them so that those in front weeded with bean hooks. He stationed two with corn knives four feet behind the others to cut weeds that were too large for the bean hooks. Todd pursuant to an agreement with one boy joined the group there. He brought a corn knife furnished by his grandfather. A boy explained its use. After an hour when they completed their work at Stading's farm, the group moved to the Boals farm.

The boys had named no boss, although Vic Russell and Charles Helt "kept things going." Helt had negotiated with Robert Boals, who had desired 4 to 6 boys. Robert had agreed to pay Helt $0.90 an hour each boy worked. Upon their arrival, Robert issued bean hooks but no corn knives. He then drove to the field which lay ½ mile from the farmhouse, the workers following in Russell's automobile. Robert having pointed out the field, departed immediately. Neither Robert nor Ralph exercised any direct control over the group, although Robert warned against carelessness. The latter knew of the corn knives.

The next morning the group returned directly to the Boals field. They spaced themselves as they had done in Stading's field. All except Russell were using corn knives because weeds were thick. Todd, Helt, or both

wandered, and Todd knew they were close together. When he pushed back weed branches to straighten the stem, Helt swung his knife at the weed. The knife struck Todd's hand.

Evidence whether supervision of boys who weeded bean fields was common practice in the county conflicted sharply. Payment to one boy for all work, no withholding of income or social security taxes, and the boys fixing work times were common practice. They were also elements of the Boals transaction.

The relation of master and servant cannot be defined in general terms with substantial accuracy. Control or the right to control is often the chief distinction between the relation of master-servant and of employer-independent contractor. See, Bodwell v. Webster, 98 Neb. 664, 154 N. W. 229 (1915); Restatement, Agency 2d, § 2, p. 12, and § 220(1), comment c, p. 486. In the present case the issue was one of fact.

The district court in instructing the jury on Todd's petition copied this allegation: ". . . when the plaintiff and the other boys first went to the Boals farm they were escorted to the bean field where they were ordered to start work." The "order" in context was referable only to Robert. That part of the allegation wanted evidentiary support.

It is prejudicial error for the district court to submit to a jury an essential issue of fact without evidentiary support. See, Pensyl v. Gibb, 182 Neb. 573, 156 N. W. 2d 27 (1968); NJI No. 2.01. The business relation between Boalses and Todd's group was the crucial issue, and it was close. The instruction constituted prejudicial error.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.