Robert Flanagan et al. *v.* James M. Valente et al.

Superior Court     Judicial District     File No. 039239
of Waterbury

Memorandum filed September 11, 1974

*Ronald M. Sullivan,* of Danbury, for the named plaintiff.

*Robert K. Killian,* attorney general, and *William J. Friedeberg,* assistant attorney general, for the intervening plaintiff (state).

*Carmody & Torrance* and *Feeley, Elliott & Nichols,* of Waterbury, for the defendants.

DeVita, J. According to the complaint, the plaintiff was an auxiliary state police trooper and was standing in the roadway directing traffic when he was struck by an automobile being driven by the defendant James M. Valente and owned by the defendant Dorothy Valente.

By way of special defense, the defendants have alleged: "A direct and proximate cause of such injury, damage and consequential loss as the plaintiff sustained was the negligence of the plaintiff which negligence consisted of the following acts and omissions: (a) in standing in the highway upon which automobile traffic was moving while clad in dark clothing and while wearing no reflective clothing or equipment; (b) in failing to keep a reasonable lookout for traffic southbound on Route 69."

The plaintiff has demurred on the ground that the failure of a police officer to wear reflective clothing does not constitute negligence and that the plaintiff did not have a duty to keep a reasonable lookout for traffic.

As to the first allegation, concerning reflective equipment, no case directly in point was found. It has been held, however, that a pedestrian walking along a highway at night "is bound to take some precautions for his own safety." *Schmeiske* v. *Laubin*, 109 Conn. 206, 208. In that case, the court also held that the question of the contributory negligence of a pedestrian in wearing dark clothing while walking at night was a question of fact properly submitted to the jury. Although the jury should probably be instructed that policemen have a lesser duty of care than a pedestrian, the question of the plaintiff's contributory negligence under the circumstances existing at the time of the accident should be left to them. Wright & FitzGerald, Connecticut Law of Torts (2d Ed.) § 43, p. 63.

It has been widely held in cases similar to this one that "[t]he acts of persons whose duties require them to be on the highway must be judged by a standard more liberal than in the case of an ordinary pedestrian who has no care other than his own safety." *Tanner* v. *Pennsylvania Truck Lines, Inc.*, 363 Pa. 136, 141; *Shaffer* v. *Torrens*, 359 Pa. 187; *Radtke* v. *Loud*, 98 So. 2d 891 (Fla. App.); *Pensyl* v. *Gibb*, 182 Neb. 573. Yet, the fact that a police officer directing traffic may be given the benefit of a more liberal standard of care does not absolutely release him from a duty of care. "His duty is to keep a reasonable lookout and to exercise care in the circumstances commensurate with the dangers and consistent with the faithful performance of the duties of his employment." *Pensyl* v. *Gibb*, supra, 576.

Since the issue of the plaintiff's contributory negligence in allegedly failing to wear proper attire is a question of fact for the jury, and since the plaintiff did have a duty to keep a reasonable lookout, the plaintiff's demurrer is overruled.