PERFECTO YBARRA, APPELLANT, V. WALTER W. WASSENMILLER AND FIRST NATIONAL BANK & TRUST COMPANY, A CORPORATION, APPELLEE.

291 N. W. 2d 725

Filed April 29, 1980. No. 42697.

Friedman Law Offices, Herbert J. Friedman, for appellant.

Con M. Keating and Gary J. Nedved of Marti, Dalton, Bruckner, O'Gara & Keating, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.
Perfecto Ybarra, plaintiff, brought this action against Walter W. Wassenmiller, defendant, for damages alleged to have been suffered when plaintiff, while walking on the driveway of the First National Bank & Trust Company's drive-in banking facilities, was struck by a camper-trailer being backed up by the defendant. The jury was instructed on

both the alleged negligence of the defendant and contributory negligence of the plaintiff, and it returned a verdict in favor of the defendant. Plaintiff appeals, contending that the trial court erred: (1) In refusing to grant plaintiff's motion for a directed verdict against the defendant; and (2) In instructing the jury on contributory negligence of the plaintiff. We affirm.

On July 29, 1976, plaintiff was employed as a uniformed security and traffic guard at the First National Bank & Trust Company's drive-in banking facilities located at 13th and L Streets in Lincoln, Nebraska. The bank was joined in the lawsuit as a party defendant for workmen's compensation subrogation purposes and is not a party to this appeal. At approximately 4:45 p.m. on that date, the defendant, who was driving a 1975 Chevrolet pickup truck with a camper shell on it, drove into the banking facilities for the purpose of cashing a check. The northern portion of the west side parking and driving area was closed off to traffic because of construction operations. The defendant, finding no parking stalls, parked in an area not designated for parking near the northeast corner of the west side facilities. He was headed in a northerly direction and directly in front of him was the blocked-off construction area. Immediately to his right, or to the east, was a line of diagonally-parked automobiles. Directly south of this line of automobiles was the guard shack which constituted the plaintiff's headquarters while on duty. Straight west of the defendant's vehicle was a driveway leading to a drive-through teller station. Farther to the south and west of his vehicle was the bank building itself. The driveway on which defendant was parked extended to the south and provided access to the facility from L Street.

The defendant had just stopped his truck and was in the process of getting out to transact his business when the plaintiff walked up to him from the guard

shack and told him he would have to move his vehicle. The plaintiff then turned and started back for the guard shack, walking in a southerly direction directly behind the defendant's camper vehicle. At the same time, the defendant commenced backing and after moving perhaps 15 to 20 feet, he struck the plaintiff. The defendant said he looked in both of his outside rear view mirrors and through the back window and saw no one behind him. He insisted that he continued to look to his rear as he backed, but admitted that there is a blind spot where nothing can be seen looking back in any manner. He did not see the plaintiff behind him.

The plaintiff testified that after he told the defendant he would have to move he, the plaintiff, turned and walked to the south and toward the guard shack along the driveway behind the defendant's vehicle. He said that he may have glanced once at the truck, but after walking the whole length of it, he never did see it again. He also agreed that the only way the defendant could have moved his truck was to the rear, but he contended that after backing it a shorter distance than the defendant did, it could have been driven in a forward motion to the west and through the teller driveway. At the close of all the evidence, the plaintiff moved the court for an order "directing liability against the defendant for the reason that the defendant is negligent as a matter of law . . . ." This motion was overruled. Additionally, although the plaintiff made no specific objection on the record to the trial court's giving of an instruction on his alleged contributory negligence, he nevertheless raises that as one of his assignments of error.

In determining the question of whether the evidence is sufficient to submit the issues of negligence and contributory negligence to the jury, a party is entitled to have all conflicts in the evidence resolved in his favor and the benefit of every reasonable inference that may be deduced from the evidence. If

reasonable minds might draw different conclusions from a set of facts thus resolved in favor of a party, the issues of negligence and contributory negligence are for a jury. *Pearson v. Richard*, 201 Neb. 621, 271 N.W.2d 326 (1978). A pedestrian has equal rights with the operator of a vehicle in the use of a private way used by members of the public and each must use reasonable care for his own safety and the safety of others. *Bassinger v. Agnew, ante* p. 1, 290 N.W.2d 793 (1980). A pedestrian has a legal right to walk longitudinally along a driveway, but in doing so is required to use reasonable care for his own safety. *Bassinger v. Agnew, supra.*

Plaintiff's argument that he was entitled to a directed verdict on the question of liability is based upon his claim that the defendant was guilty of negligence as a matter of law in failing to keep a proper lookout and in failing to sound a warning of his intention to back. Addressing first the claim as to lookout, three of the principal cases cited by the plaintiff are *Bonnes v. Olson*, 197 Neb. 309, 248 N.W.2d 756 (1976); *Johnson v. Enfield*, 192 Neb. 191, 219 N.W.2d 451 (1974); and *Taulborg v. Andresen*, 119 Neb. 273, 228 N.W. 528 (1930).

In *Bonnes v. Olson*, the defendant, who was required by law to stop at the intersection, admitted that she did not stop, although she insisted that she did slow down and look both ways, entered the intersection, and struck the plaintiff who was proceeding along the intersecting arterial street. From a jury verdict in favor of the plaintiff, the defendant appealed the trial court's failure to grant her a new trial. It is true that this court, in affirming the failure to grant a new trial, said that the defendant was guilty of negligence as a matter of law, either in failing to look or in failing to see a vehicle favored over her. However, obviously, that case presented a set of facts different from that which we have here.

*Johnson v. Enfield* involved an accident in which

the defendant's truck was parked parallel to a curb. The plaintiff's minor son, driving a motorcycle, pulled into a parking place some 10 feet ahead of the defendant in order to try to get his machine restarted. Immediately thereafter, the defendant started forward, looking to his left and to the rear, watching oncoming traffic, remained in the parking lane next to the curb, and struck the young man and his motorcycle. The jury returned a verdict in favor of the plaintiff on the cause of action for personal injuries to her son, but in favor of the defendant on the plaintiff's derivative action for medical expenses. The trial court granted a new trial as to both causes of action on the basis that they were inconsistent. This court affirmed and agreed that it was unquestioned that it is the duty of a driver of a motor vehicle to see that which is in plain sight, and went on to say: "There was clearly a *jury issue* on the defendant's duty to keep a proper lookout and reasonable control of his truck under the circumstances." (Emphasis supplied.) *Id*. at 195, 219 N.W.2d 454.

The third case, *Taulborg v. Andresen*, was a "backing" case in which the plaintiff, a passenger in an automobile being driven down the highway, claimed that the defendants backed onto the highway and into the car in which the plaintiff was riding. It is true that the defendants' version of the accident was that their truck was parked alongside the highway and was struck by the automobile in which the plaintiff was riding. Although our opinion does not specifically say so, it is apparent that the jury returned a verdict for the defendant. This court reversed the judgment of the trial court and remanded the case for a new trial because the trial judge had tendered to the jury a supplemental instruction on lookout without either party being notified or present in court and which contained an erroneous statement of law. However, there is language in the

closing portion of the opinion which is of interest in this case:

> If, as the plaintiff contends, the defendant was backing his truck onto said highway, he would necessarily be operating it against the line of approaching traffic from the west. The law does not forbid the backing of an automobile upon the streets or highways, and to do so does not constitute negligence, but the driver of an automobile must exercise ordinary care in backing his machine, so as not to injure others by the operation, and this duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured.

*Id.* at 279, 228 N.W. 531.

In the case at bar, defendant was directed by the plaintiff, a uniformed person in an obvious position of authority, to move his truck. Whether the defendant kept a proper lookout and whether he had a right to believe that the person who told him to move would stay out of the way of danger were questions to be decided by the jury. See, also, *Chew v. Coffin*, 144 Neb. 170, 12 N.W.2d 839 (1944), and *Thomas v. Fundum*, 135 Neb. 728, 283 N.W. 839 (1939), both "backing" cases involving pedestrians, wherein this court approved the action of the trial court in submitting the question of negligence to the jury.

In support of his contention that the defendant's failure to sound his horn constituted negligence as a matter of law, the plaintiff refers to *Christoffersen v. Weir*, 110 Neb. 390, 193 N.W. 922 (1923), and *Kauffman v. Fundaburg*, 123 Neb. 340, 242 N.W. 658 (1932). *Christoffersen v. Weir* involved an injury to a pedestrian whose case was submitted to a jury which returned a verdict in her favor. We simply suggested that the ordinance requiring the installation of warning devices on vehicles contemplated the use of the same when circumstances might warrant it. In syl-

labus No. 3 of *Kauffman v. Fundaburg*, we said:

> Evidence respecting negligence of truck driver in failing to keep proper lookout shortly before striking a boy crossing a street near an intersection and to give timely warning or keep the truck under proper control, considering that there were school children on both sides of the street, held sufficient for submission to the jury.

Holding that the duty to sound a horn is not an absolute one, but depends upon the circumstances at the time, are *Tews v. Bamrick and Carroll*, 148 Neb. 59, 26 N.W.2d 499 (1947), and *Rowedder v. Rose*, 188 Neb. 664, 199 N.W.2d 18 (1972). In the final analysis, there is no merit to plaintiff's first assignment of error.

The plaintiff insists that the question of his contributory negligence as to the failure to keep a proper lookout and in walking behind defendant's truck, when he should have known that it was in the process of backing, should not have been submitted to the jury. In this regard, it must be remembered that plaintiff was not an ordinary pedestrian when walking behind the defendant's vehicle. He was a person in authority who had ordered the defendant to move and should have reasonably believed that the defendant would follow his directions. He admitted he knew that, initially, at least, the only way the defendant could move would be in a backward direction which would place himself in the path of danger by walking behind the truck. We said in *Garcia v. Howard*, 200 Neb. 57, 61, 262 N.W.2d 190, 193 (1978): "One who is capable of understanding and discretion, and who fails to exercise ordinary care and prudence to avoid obvious dangers, is negligent or contributorily negligent."

In *Steel v. Nordin,* 175 Neb. 900, 124 N.W.2d 921 (1963), a case with facts quite similar to those found here, we held that one who is in a place of safety and

is aware of a moving vehicle in close proximity to him, and who moves from such place of safety into the path of the vehicle and is struck, is, by his own conduct, guilty of negligence more than slight sufficient to defeat his recovery. As we have stated earlier in this opinion, although a pedestrian may have a perfect right to be where he is, nevertheless, he is bound to exercise reasonable care for his own safety. The trial court was correct in submitting to the jury the issue of plaintiff's contributory negligence.

The judgment of the trial court is affirmed.

AFFIRMED.

CLINTON, J., not voting.