[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#109)
The plaintiffs Kerry Devitt and Dorita Devitt allege that the defendant Dorothy Phipps seized control of a motor vehicle owned by the plaintiff Dorita Devitt and previously operated by the plaintiff Kerry Devitt. As a result of the defendant's alleged action, a one car crash ensued causing the plaintiffs to suffer personal injuries and property damage.
On July 19, 1989 the defendant filed a special defense claiming that the negligence of the plaintiff Kerry Devitt was a substantial factor in causing the alleged injuries and that such negligence was demonstrated by several violations of statutory and common law duties which are owed by an operator of a motor vehicle. The defendant has also filed an answer in which she denies paragraphs seven through nine of the complaint. It is those paragraphs which allege that the defendant gained control of the steering wheel and engaged in negligent conduct which caused injuries to the plaintiffs.
The plaintiffs have moved to strike the aforementioned special defense by claiming that such defense is improper because the plaintiff Kerry Devitt was not the operator of the motor vehicle. Whether Kerry Devitt was the operator of the motor vehicle at the time of the accident is a question of fact to be determined by the trier of fact. Such question cannot be determined on a motion to strike. Flanagan v. Valente, 31 Conn. Sup. 143, 145 (1974). Moreover, the defendant has denied that she gained control of the motor vehicle. Where the plaintiff moves to strike the defendant's special defense, the court is obligated to assume the truth of the defendant's answer and special defense. See Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983).
Accordingly, the plaintiffs' motion to strike is denied.
PICKETT, J.