[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#119)
This matter appears before the court concerning the plaintiff's motion to strike paragraphs (c) and (g) of the defendant's special defense. CT Page 6482 After hearing argument, the court grants the plaintiff's motion to strike paragraph (c) and denies the plaintiff's motion to strike paragraph (g) of the defendant's special defense.
 I. PROCEDURAL BACKGROUND
On June 9, 2000, the plaintiff, Maria Pinho, as administratrix of the estate of Mario Pinho, filed a two count complaint naming John D. Daly and Viking Electrical Company (Viking) as defendants. Subsequently, Viking filed an amended answer and a special defense dated November 16, 2000. In its special defense, Viking alleges contributory negligence on the part of the plaintiff's decedent.[1] On December 26, 2000, the plaintiff filed a motion to strike[2] paragraphs (c) and (g) of Viking's special defense on the grounds that: (1) the paragraphs plead facts which are not found to be a legally cognizable special defense to negligence and (2) Viking has failed to adequately allege facts or elements which would support a special defense pursuant to Practice Book § 10-50.[3]
On January 16, 2001, Viking filed an objection to the motion to strike and a memorandum of law, arguing that the allegation in paragraph (g) is a legally cognizable special defense to negligence and that the allegation in paragraph (c) is a viable special defense to damages.
 II. STANDARD OF REVIEW
Practice Book § 10-39(a)(5) authorizes the filing of a motion to strike a special defense where its legal sufficiency is challenged. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994); see Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978) ("[A] plaintiff can [move to strike] a special defense. . . .") "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.)Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "In . . . ruling on the . . . motion to strike, the trial court [has the] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
 III. DISCUSSION
Although there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense . . . [O]nly an entire count of a counterclaim or an entire special defense can be subject to a motion CT Page 6483 to strike, unless the individual paragraph embodies an entire cause of action or defense." (Internal quotation marks omitted.) Trimachi v.Connecticut Workers Compensation Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 403037 (June 14, 2000,Devlin, J.) (27 Conn.L.Rptr. 469, 472); Moltz v. Harry's Taxi, Superior Court, judicial district of New London at New London, Docket No. 547023 (August 5, 1999, Martin, J.); Garcia v. ITT Hartford Ins. Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 579974 (December 8, 1998, Peck, J.) (23 Conn.L.Rptr. 450, 453 n. 1). But seeNordling v. Harris, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329660 (August 7, 1996, Levin, J.) (17 Conn.L.Rptr. 296, 298 n. 1).[4]
Viking does not object to the plaintiff's motion to strike on the basis that it is improperly directed at single paragraphs of its defense. Instead, both parties appear to treat paragraphs (c) and (g) of the special defense as separate defenses, each embodying an entire defense in and of itself. Viking, in particular, acknowledges the separateness of the paragraphs but notes correctly that the plaintiff failed to file a request to revise pursuant to Practice Book § 10-35 seeking separation of the grounds of defense improperly combined in one defense. (Viking's Memorandum, pp. 5-6.) For these reasons, and particularly in light of Viking's failure to object to the motion on this ground, the court will consider the plaintiff's motion on its merits.
The plaintiff argues, citing Ruth v. Poggie, Superior Court, judicial district of Tolland at Rockville, Docket No. 52750 (November 22, 1993,Klaczak, J.), that paragraph (c) of Viking's special defense should be stricken because a motorcyclist cannot be considered contributorily negligent for failing to wear a helmet. Viking argues that the failure to wear a helmet goes to the issue of the decedent's failure to mitigate damages, and, as such, it is a legally sufficient defense.
The doctrine of mitigation of damages contemplates that "one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries." (Internal quotation marks omitted.) Preston v. Keith, 217 Conn. 12, 15,584 A.2d 439 (1991). "To claim successfully that the plaintiff failed to mitigate damages, the defendant must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty." (Internal quotation marks omitted.) Id., 22.
Paragraph (c) explicitly alleges that the decedent was negligent in operating his motorcycle without a helmet. Contrary to Viking's CT Page 6484 assertion, the special defense nowhere alleges a failure to mitigate damages. Moreover, it is unclear whether the failure to mitigate damages is properly pleaded as a special defense.[5] Viking cites no authority and provides no legal analysis in support of this claim. See Mullen Mahon, Inc. v. Mobilmed Support Services, LLC, 62 Conn. App. 1, 10, ___ A.2d ___ (2001) ("Where the parties cite no law and provide no analysis of their claims, we do not review such claims.").
Furthermore, even if Viking had alleged paragraph (c) as a failure to mitigate damages, such a defense as pleaded would be insufficient. "The concept of mitigation of damages presupposes that an injured party has one or more courses of conduct available at or after the time a breach occurs and an obligation therefore exists to pursue that course that results in the least damages to the offending party." Rametta v. Stella,214 Conn. 484, 492, 572 A.2d 978 (1990); see also Preston v. Keith, supra, 217 Conn. 15; Ruth v. Poggie, supra, Superior Court, Docket No. 52750 ("The doctrine of mitigation, however, contemplates a duty on the injured plaintiffs part which arises only after the negligence of the defendant results in the plaintiff's injury."). Thus, as the court stated in Ruth v. Poggie, supra, Superior Court, Docket No. 52750, "the [decedent's] duty to mitigate his damages is a duty to promote recovery from an injury that he already sustained, not a duty to prevent the injury from occurring in the first place by wearing a motorcycle helmet." For these reasons, the court construes paragraph (c) as alleging the contributory negligence of the decedent and not mitigation of damages.
In Ruth v. Poggie, supra, Superior Court, Docket No. 52750, the court granted a motion to strike a special defense which alleged that the plaintiff was negligent for failing to wear a motorcycle helmet. In so holding, the court explained that "[i]n Connecticut, the so-called `Helmet Law' (General Statutes (Rev. to 1975) 14-289e), which required motorcycle operators and passengers to wear a helmet, was repealed effective June 1, 1976. Since that time, there is no duty, statutory or otherwise, for motorcycle operators in Connecticut to take the safety precaution to wear a protective helmet. Thus, since there is not even a duty to wear a motorcycle helmet, as there is to wear a safety belt, it cannot be said that the failure to wear a motorcycle helmet amounts to negligence on the part of the rider." Ruth v. Poggie, supra, Superior Court, Docket No. 52750. Consequently, the court grants the plaintiff's motion to strike paragraph (c) of Viking's special defense.
The plaintiff argues that paragraph (g) of Viking's special defense should be stricken because there is no legal obligation to wear proper attire or accoutrements when riding a motorcycle. Viking argues that, regardless of the fact that there is no statutory duty, legal duties can arise from other sources, such as the common law. Viking argues that, CT Page 6485 under the circumstances, the decedent was obligated to use that degree of care that a reasonably prudent person would use.[6]
"The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Greene v. Perry,62 Conn. App. 338, 341, ___ A.2d ___ (2001).
Connecticut courts have addressed the issue of the appropriateness of clothing worn by a plaintiff in the context of assessing contributory negligence. In Fazio v. Brown, 209 Conn. 450, 551 A.2d 1227 (1988), a collision occurred between a trail motorcycle operated by the plaintiff and a car being driven by the defendant. "The accident occurred in the early evening hours as [the plaintiff], wearing dark clothing, and riding his motorcycle without lights, was crossing the defendant's driveway."Fazio v. Brown, supra, 209 Conn. 451-52. The jury returned a verdict in favor of the plaintiff but found the plaintiff to be 30 percent contributorily negligent. Id., 452.
Similarly, in Drobish v. Petronzi, 142 Conn. 385, 114 A.2d 685 (1955) the court upheld the trial court's finding that the plaintiff, a pedestrian who was hit by a car being driven by the defendant while crossing the crosswalk, was guilty of contributory negligence. In so holding, the court explained that the "trial court could have found reasonably that at the time and place of the plaintiff's injury the visibility was poor owing to weather conditions. The plaintiff wore dark clothing which made it difficult for her to be seen. . . . We cannot say under all the circumstances that [the plaintiff] was free from contributory negligence as a matter of law." Drobish v. Petronzi, supra,142 Conn. 387-88.
Likewise, in Flanagan v. Valente, 31 Conn. Sup. 143, 325 A.2d 532
(1974), a state trooper was standing in the roadway directing traffic when he was hit by a car being driven by the defendant. The defendant alleged in a special defense, inter alia, that the plaintiff was negligent "in standing in the highway upon which automobile traffic was moving while clad in dark clothing and while wearing no reflective clothing or equipment. . . ." Flanagan v. Valente, supra, 31 Conn. Sup. 143. In overruling the plaintiff's demurrer, the court held that "the issue of the plaintiff's contributory negligence in allegedly failing to wear proper attire is a question of fact for the jury. . . ." Id., 145. CT Page 6486
In light of these previous rulings, the allegation in paragraph (g), i.e., the decedent was operating his motorcycle without wearing appropriate clothing, supports a special defense of contributory negligence. Consequently, the court denies the plaintiff's motion to strike paragraph (g). The probative significance of the clothes the decedent was wearing at the time of the incident, which, according to the complaint, occurred at approximately 3:15 p.m. on or about May 10, 1999, remains to be established. See complaint, dated May 26, 2000, ¶ 3.
 CONCLUSION
For the foregoing reasons, the court grants the plaintiff's motion to strike paragraph (c) and denies the plaintiff's motion to strike paragraph (g) of the defendant's special defense.
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT