# Helen R. Kozeny, appellant, v. Franklin W. Miller, appellee.

## APPELLEE.

499 N.W.2d 75

Filed May 7, 1993.    No. S-91-111.

Robert M. Slovek, of Sodoro, Daly & Sodoro, for appellant.

Thomas J. Culhane and David A. Hecker, of Erickson & Sederstrom, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This case arises out of a truck-pedestrian accident that occurred in Omaha, Nebraska, at about 9 a.m. on May 28, 1986.

At the time of the accident, the plaintiff, Helen R. Kozeny, was walking south through an alley that runs between 23d and 24th Streets. She was on her way to work at Merker Realty Company, whose office is on L Street just west of the alley. The accident occurred when the plaintiff was struck by a pickup truck operated by the defendant, Franklin W. Miller. Miller was backing the truck from a parking stall west of the alley. Miller backed at an angle to the northeast, intending to then go forward south to L Street. There is about a 5-foot dropoff along the east edge of the alley. A retaining wall runs along the east edge of the alley, but does not extend above the surface of the alley.

Kozeny entered the approximately 20-foot-wide alley from the north and was walking in a southerly direction when she noticed Miller's vehicle preparing to back out of the parking stall. Kozeny stopped walking after she saw Miller's vehicle start to back out of the parking stall. Miller's vehicle backed across the alley in a northeasterly direction, stopping 5 to 10 feet from Kozeny. After stopping, the vehicle started to back again. Kozeny testified that in an attempt to avoid being struck after seeing the vehicle back in her direction a second time, she moved forward southerly along the east side of the alley in an attempt to squeeze through a 2-foot space between the retaining

wall and the rear bumper of Miller's truck. When asked at trial why she walked southerly to avoid being hit, Kozeny testified: "Yes, because I had no choice. The wall was on the left, and um, I didn't know to what extent he was going to back; and I was fearful of crossing the alley." Kozeny was struck in the head by the side of the truck and was knocked over the retaining wall and fell about 5 feet. As a result of the accident, Kozeny suffered a laceration to her head, a fractured vertebra, and injuries to the lower spine which resulted in a hemilaminotomy and diskectomy.

Miller testified that he saw Kozeny in the alley as he was getting into his truck. He testified that before backing, he looked for Kozeny. Miller further testified that his customary practice before backing his vehicle was to look into the rearview mirrors mounted on the right and left sides of his truck and to look over his shoulder. On this occasion, before backing the vehicle the first time, Miller testified that he looked into his right rearview mirror, into his left rearview mirror, back to the right mirror, and then back over his shoulder. Miller testified that he assumed Kozeny was behind his vehicle. After initially backing the truck, Miller stopped to determine whether the truck had cleared the vehicle parked next to him. After determining that he had not cleared the vehicle on his left, Miller again began to slowly back the truck. Miller acknowledged that before backing the second time, he looked only in his left rearview mirror. When asked why he did not follow his customary procedure of looking in both rearview mirrors and over his shoulder when he backed the second time, Miller testified, "I figured, if somebody was there, they'd have seen me backing." Miller immediately stopped backing his vehicle when he saw in his left rearview mirror Kozeny's leg fly up in the air.

At the close of the evidence, the plaintiff moved for a directed verdict on the issue of the defendant's liability. This motion was overruled. The trial court also refused the plaintiff's requests to instruct the jury on last clear chance and sudden emergency. The plaintiff's objection that there was insufficient evidence to instruct the jury on her contributory negligence was also overruled by the trial court.

The case was submitted to the jury on issues of negligence and contributory negligence.

The jury returned a 10-2 verdict in favor of the defendant. After the plaintiff's motions for judgment notwithstanding the verdict and new trial were overruled, she filed this appeal.

On appeal to this court, the plaintiff assigns numerous errors which she contends require that the judgment of the trial court be reversed and that she be given a new trial. Summarized, the assignments of error are that (1) the trial court erred by failing to instruct the jury on the sudden emergency and the last clear chance doctrines; (2) the trial court erred in giving inconsistent jury instructions, specifically that the trial court instructed the jury that the plaintiff, as a pedestrian, had the right-of-way, while separately instructing that the plaintiff and the defendant had equal status as users of the alley in question; (3) there was insufficient evidence of the plaintiff's contributory negligence, and the trial court erred by instructing the jury on this issue; (4) the trial court erred by failing to direct a verdict on liability on the plaintiff's behalf; (5) the court erred in sustaining the defendant's motion in limine, preventing the plaintiff from impeaching the defendant's testimony regarding the adequacy of his vision; (6) the trial court erred in denying the plaintiff's motion for leave to amend to add additional parties; and (7) the trial court erred by failing to sustain the plaintiff's motions for judgment notwithstanding the verdict and new trial.

In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Ashby v. First Data Resources*, 242 Neb. 529, 497 N.W.2d 330 (1993). A civil verdict will not be set aside where evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact. *Id.*

A jury verdict may not be set aside unless clearly wrong, and it is sufficient if there is any evidence presented to the jury from which it could find for the successful party. *Id.*

The plaintiff's first assignment of error is that the trial court

erred by failing to instruct the jury on the sudden emergency and the last clear chance doctrines. At the close of the evidence, the plaintiff requested the trial court to instruct the jury on both the sudden emergency and the last clear chance doctrines. The plaintiff argues that the facts of this case clearly support the giving of the requested instructions. The trial court refused to give either of the requested instructions.

> "To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law; (2) the tendered instruction is warranted by the evidence; and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction."

*Renne v. Moser*, 241 Neb. 623, 631, 490 N.W.2d 193, 199 (1992).

NJI2d Civ. 3.09 recommends no instruction on sudden emergency should be given. The comments to NJI2d Civ. 3.09 suggest that since the sudden emergency doctrine is simply a restatement of the general duty of care, no instruction on sudden emergency should be given. This court has previously held that the giving of an independent sudden emergency instruction is not warranted in a negligence action. See *McClymont v. Morgan*, 238 Neb. 390, 470 N.W.2d 768 (1991).

NJI2d Civ. 3.23 recommends no instruction on last clear chance be given either. It appears from the record that an instruction on last clear chance was properly refused by the trial court.

In *Laird v. Kostman*, 229 Neb. 114, 425 N.W.2d 607 (1988), this court reaffirmed the requirements necessary to invoke the last clear chance doctrine:

> "In order to recover under the doctrine of the last clear chance in this state there must be sufficient evidence to sustain a finding (1) that the party invoking the doctrine was by his own negligence immediately before the accident in a position of peril from which he could not escape by the exercise of ordinary care, (2) that the party against whom it is asserted knew or ought to have known of the other's peril, (3) that the party against whom the doctrine is

invoked had the present ability with the means at hand to avoid the accident without injury to himself or others, (4) that the failure to avoid the accident was due to a want of ordinary care on the part of the person against whom the doctrine is invoked and that such want of ordinary care was the proximate cause of the accident, and (5) that the negligence of the party imperiled is neither active nor a contributing factor in the accident."

*Id.* at 119, 425 N.W.2d at 610, quoting *Whitehouse v. Thompson*, 150 Neb. 370, 34 N.W.2d 385 (1948). The *Laird v. Kostman* court also noted that "[i]n order to submit the doctrine to the jury there must be competent evidence to sustain each of the foregoing elements . . . and the issue must have been raised by the pleadings." *Id.* at 119, 425 N.W.2d at 610. The court further noted: "The doctrine has no application unless the person claiming its benefit puts himself in the position of admitting that immediately before the accident he found himself in a place of peril through his own negligence from which he could not escape by the exercise of ordinary care." *Id.* at 119, 425 N.W.2d at 611.

In the case at bar, the plaintiff did not plead the last clear chance doctrine in her amended petition, nor did she plead any facts which would raise the doctrine as an issue. Specifically, the plaintiff made no allegation that her situation was the result of her own negligence.

The record shows that the contributory negligence of the plaintiff was a contributing factor in the accident. There was nothing that prevented the plaintiff from standing still when she was stopped 5 to 10 feet behind the defendant's truck. If necessary, she could have stepped back to the north to avoid the defendant's truck if that had been necessary. Thus, the trial court properly refused to submit the doctrine of last clear chance to the jury. The plaintiff's first assignment of error is without merit.

The plaintiff's next assignment of error is that the trial court erred in giving inconsistent jury instructions, specifically that the trial court instructed the jury that the plaintiff, as a pedestrian, had the right-of-way, while separately instructing that the plaintiff and the defendant had equal status as users of

the alley in question. The plaintiff argues that instructions Nos. 18 and 19 were inconsistent with the law of Nebraska as the law was stated in instruction No. 14. Specifically, instruction No. 14 provided: "Nebraska statutes provide that a person who moves a parked vehicle must wait until it can be moved with reasonable safety and must yield the right of way to all other vehicles and pedestrians affected by such movement." Instruction No. 18 provided: "Unless otherwise provided by law, the right of pedestrians to use alleyways is equal to that of drivers. Among other things, this means that both pedestrians and drivers must act as reasonably careful persons would with respect to their own safety and the safety of others." Instruction No. 19 provided:

The right of a pedestrian to the lawful use of a street or highway is in all respects equal to that of a person driving an automobile, but each person or vehicle on the street or highway must so exercise his right to use it as not to injure others and must exercise such caution as an ordinarily prudent person would exercise under like circumstances. In other words, the rights of pedestrians and motor vehicles on a public street or highway are equal, and each is obliged to act as a reasonably prudent person would with respect to the movements of the other. A person having the right of way is nevertheless obligated to exercise ordinary care for his own safety and to avoid an accident.

The plaintiff argues that it was logically inconsistent to instruct the jury in instruction No. 14 that the plaintiff had the right-of-way, while instructions Nos. 18 and 19 stated that the plaintiff and the defendant were equal in their right to use the alley in question.

All the jury instructions given must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal. *Behm v. Northwestern Bell Tel. Co.*, 241 Neb. 838, 491 N.W.2d 334 (1992).

Instruction No. 14 correctly states the law of Nebraska as set forth by Neb. Rev. Stat. § 39-639 (Reissue 1988). The text of

instruction No. 19 has previously been approved by this court. See *Holly v. Mitchell*, 213 Neb. 203, 328 N.W.2d 750 (1982). The language used in instruction No. 18 is taken from NJI2d Civ. 7.15 and is also supported by *Holly v. Mitchell, supra* (right of pedestrian to lawful use of a street is equal to that of driver).

The jury instructions are not inconsistent with each other. These instructions correctly point out that both the plaintiff and the defendant had an equal right to the use of the alley and that the defendant had to yield the right-of-way to the plaintiff if she would have been affected by his movement. However, this does not negate the fact that the plaintiff was still obligated to exercise ordinary care for her own safety.

Jury instructions Nos. 14, 18, and 19 correctly state the law and are not inconsistent with each other. There is nothing in the record that indicates that the jury was confused or misled by these instructions. The plaintiff has failed to show she was prejudiced in any way by the use of these instructions. Accordingly, this assignment of error is without merit.

The plaintiff's next two assignments of error are that the trial court erred by instructing the jury on the issue of her contributory negligence and that the trial court erred by failing to direct a verdict on liability against the defendant on her behalf. The plaintiff argues that there was insufficient evidence on the issue of her contributory negligence to support sending this issue to the jury. However, the record does contain evidence from which a jury could find contributory negligence on the part of the plaintiff. Specifically, Kozeny testified that she moved from her stationary position into the path of the moving vehicle when she attempted to walk through the narrow space between the rear of the truck and the east edge of the alley. This court has previously stated that "although a pedestrian may have a perfect right to be where he is, nevertheless, he is bound to exercise reasonable care for his own safety." *Ybarra v. Wassenmiller*, 206 Neb. 164, 172, 291 N.W.2d 725, 729-730 (1980). See, also, *Holly v. Mitchell, supra*. Since there was evidence from which the jury could find the plaintiff guilty of contributory negligence, the trial court properly submitted this issue to the jury.

The plaintiff also argues that at the close of the evidence, the trial court should have directed a verdict in her favor based on the law as stated in § 39-639. This statute provides: "No person shall move a vehicle which is stopped, standing, or parked without yielding the right-of-way to all other vehicles and pedestrians affected by such movement, and in no event until such movement can be made with reasonable safety."

A directed verdict is proper only when reasonable minds cannot differ and can draw only one conclusion from the evidence. *Lambert v. City of Columbus*, 242 Neb. 778, 496 N.W.2d 540 (1993). A trial court should direct a verdict as a matter of law only when the facts are conceded or undisputed. *Id.* In the present case, there were genuine questions of fact with regard to the defendant's negligence and the plaintiff's contributory negligence, which were proper considerations for the jury. Accordingly, the trial court properly denied the plaintiff's motion for directed verdict and properly submitted the case to the jury for consideration of these issues.

The plaintiff's next assignment of error is that the court erred in sustaining the defendant's motion in limine, preventing the plaintiff from impeaching the defendant's testimony regarding the adequacy of his vision. During his testimony at trial, Miller denied having any problems with his vision which may have impaired his ability to operate and back his vehicle. Prior to trial, the court sustained Miller's motion in limine, which prevented Kozeny from inquiring into a subsequent traffic citation and two subsequent accidents in which Miller was involved. In this case, the trial court did not abuse its discretion by sustaining the defendant's motion in limine. Miller's subsequent traffic citation and accidents were not relevant to the accident in question due to the fact that Miller testified that he had seen Kozeny in the alley prior to backing his vehicle. There may be many reasons why a driver fails to see another vehicle before an accident. Even if the evidence of the subsequent citation and accidents were somehow deemed to be relevant, it appears likely that the prejudicial nature of such evidence would outweigh its probative value. The evidence would therefore be properly excludable under Neb. Rev. Stat. § 27-403 (Reissue 1989).

Prior to trial, the plaintiff sought to add the National American Insurance Company as an additional party defendant due to a dispute with regard to underinsured motorist coverage. The trial court denied the motion. The plaintiff argues that the trial court erred in denying her motion for leave to amend to add National American Insurance Company as an additional party. The trial court's reasons for denying the motion are not clear from the record. However, it does not appear that the trial court abused its discretion by denying the motion. The liability issues between the plaintiff and the defendant were fully litigated at trial. Kozeny's underinsured motorist coverage with National American Insurance Company was not a factor necessary for the determination of liability against Miller. Accordingly, National American Insurance Company was not a necessary party to this action. In view of the verdict of the jury, this issue is now moot. This assignment of error is without merit.

The plaintiff's final assignment of error is that the trial court erred by failing to sustain her motions for judgment notwithstanding the verdict and new trial. The district court's denial of a motion for new trial will be affirmed when the court's decision is neither prejudicial nor an abuse of discretion. *First Nat. Bank v. Daggett*, 242 Neb. 734, 497 N.W.2d 358 (1993).

Based on our review of the record and the plaintiff's assignments of error, it appears that the trial court did not abuse its discretion by denying the plaintiff's motion for new trial. We have previously determined that the trial court correctly refused to direct a verdict in favor of the plaintiff. Therefore, the trial court's refusal to sustain the plaintiff's motion for judgment notwithstanding the verdict is also correct.

In the case at bar, the evidence was sufficient for the jury to find in favor of the defendant. Accordingly, the jury verdict was not clearly wrong, and the judgment must be affirmed.

AFFIRMED.

WHITE and LANPHIER, JJ., not participating.