GERALD MARPLE, APPELLEE, V. SEARS, ROEBUCK AND CO., A NEW YORK CORPORATION, APPELLANT.

505 N.W.2d 715

Filed October 1, 1993.   No. S-91-642.

David A. Barron, of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

M.J. Bruckner and Anne E. Winner, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

Plaintiff, Gerald Marple, was injured while standing at a customer counter in a Sears, Roebuck and Co. store when a refrigerator being moved to a stockroom was pushed into him. The trial court directed a verdict on liability, and the jury awarded Marple damages. Sears appeals, claiming, among other things, that the trial court erred in directing a verdict on liability and that the trial court erred in permitting plaintiff's counsel to comment on the defense's failure to produce a witness at trial who had been listed as an expert in defendant's pretrial memorandum but later changed to a consultant after examining plaintiff. We affirm.

## FACTS

On December 21, 1987, Bret Millet was working as a part-time stockroom employee at Sears. Millet was directed to move a refrigerator from the sales floor to the stockroom. He loaded the refrigerator, which he estimated to be 6 feet tall and 3 1/2 feet wide, onto a heavy-duty two-wheeled dolly and pushed it out of the appliance area into the main aisle of the store.' When Millet reached the intersection of the main aisle and the aisle which leads to the storeroom, he stopped because

customers were in his way. He said, "Excuse me," but getting no response, he repeated himself louder. After the people he could see moved, he turned onto another aisle. Just after he started, he met with resistance, so he stopped. When he walked around the refrigerator he saw Gerald Marple, a customer, who stated that Millet had pushed the refrigerator into his right knee. Marple had been standing at a counter with his face turned away from Millet's direction and toward the salesperson who was assisting him. Marple stated he never saw Millet coming with the refrigerator nor heard him say, "Excuse me."

At the pretrial conference, Sears listed Kent Jayne, a vocational rehabilitation expert, as an expert witness who might be called at trial. After Jayne interviewed Marple, Sears filed a "Withdrawal of Witness," which stated that Jayne would not be called at trial. Marple then filed a "Notification of Intent to Offer Certain Evidence," which stated that he intended to offer evidence that he was interviewed by Jayne and which stated that Marple intended to comment on the fact that Sears was not going to call Jayne as a witness. Sears filed a motion in limine in opposition. The district court ruled that Jayne was an expert as defined in Neb. Ct. R. of Discovery 26(b)(4)(B) (rev. 1992). However, the court also ruled that Marple could offer evidence of the fact that Jayne had interviewed him and could comment about the fact that Jayne was not called to testify. When Marple offered evidence that Jayne had interviewed him, Sears objected. This was overruled. However, Sears did not object when Marple commented during closing arguments on Sears' failure to call Jayne.

At the close of all evidence, the court granted Marple's motion for directed verdict on the issue of liability after Sears conceded there was no evidence of contributory negligence. The issue of damages was left to the jury.

## ASSIGNMENTS OF ERROR

Sears has raised four assignments of error for this court to address: whether the district court erred in (1) directing a verdict in favor of Marple on the issue of liability, (2) allowing Marple to present evidence that Sears retained an expert in preparation for trial who interviewed Marple, (3) allowing Marple's counsel

to refer in argument to Sears' failure to call an expert retained in preparation for trial who could not be called as a witness, and (4) failing to give a requested instruction regarding the failure to call a witness retained in preparation for trial who could not be called as a witness.

## DIRECTED VERDICT

On review of a directed verdict, the party against whom the motion was granted is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. Where reasonable minds may draw different conclusions from the evidence, the question of negligence is for determination by the jury. *Raben v. Dittenber*, 230 Neb. 822, 434 N.W.2d 11 (1989). See, also, *Kozeny v. Miller*, 243 Neb. 402, 499 N.W.2d 75 (1993); *Stoco, Inc. v. Madison's, Inc.*, 235 Neb. 305, 454 N.W.2d 692 (1990); *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989).

Marple contends that the facts are undisputed, that those undisputed facts establish negligence as a matter of law, and that the directed verdict was therefore proper. Sears, however, argues that reasonable minds could draw more than one conclusion from the evidence presented.

In support of its position, Sears relies on a number of cases: First, Sears suggests the case at hand is similar to *Ybarra v. Wassenmiller*, 206 Neb. 164, 291 N.W.2d 725 (1980). In *Ybarra*, the defendant backed his pickup truck, which had a camper shell on top of it, into the plaintiff. The plaintiff had advised him to move his truck. The defendant testified that although he looked in his rearview mirrors and through the back window, he never saw the plaintiff. There was an issue of whether the plaintiff had moved away from a place of safety knowing the defendant was going to back up and, thus, whether there was contributory negligence. We determined that the question of whether the defendant kept a proper lookout was for the jury to decide.

Next, Sears cites *Safeway Stores v. Langdon*, 187 Colo. 425,

532 P.2d 337 (1975), in support of its position. In *Langdon*, a grocery store carryout boy, following a customer with her bags in a shopping cart, ran into the customer's ankle with the cart when the customer stopped suddenly to look at a dog food display. The Colorado Supreme Court determined that the trial court had properly denied a motion for a directed verdict on the issue of negligence and held that the issue of negligence was for the jury.

Finally, Sears relies on *Kelley v. Safeway Stores, Inc.*, 267 F.2d 683 (D.C. Cir. 1959). In *Kelley*, a grocery store's customer was injured after she fell while avoiding a train of shopping carts being pushed past a blind corner of the store by a store employee. The trial court had directed a verdict for the defendant, holding that there was not sufficient evidence of the defendant's negligence and that the plaintiff was guilty of contributory negligence as a matter of law. The D.C. circuit court vacated the judgment and remanded the cause for further proceedings.

Sears' reliance on the foregoing cases is misplaced. The uncontroverted evidence of record, when viewed in the light most favorable to Sears, the nonmoving party, establishes that Millet's vision was so obstructed that he was unable to see Marple or anyone else behind the refrigerator. Marple had no idea of the refrigerator's approach. This distinguishes this case from any of those cited by Sears.

In *Ybarra*, the defendant never saw the plaintiff, whom he backed into, but the plaintiff knew that the defendant was backing, and there was an issue of contributory negligence, which Sears concedes is not at issue in this case.

It is true that in *Kelley*, the defendant did not see the plaintiff. However, nothing else about the facts or law of that case is applicable to this case.

*Langdon* is also factually distinguishable. In *Langdon*, the defendant's employee was pushing a shopping cart and bumped into the customer when she stopped. Both the plaintiff and the defendant knew of the existence of the other. That is not factually similar to this case.

Sears has been unable to cite any fact at issue, relative to liability, which a jury should have decided. The trial judge

correctly determined that Millet's "[e]xcuse me" could not be considered a warning.

The evidence being uncontroverted, and of such a character that reasonable minds could not draw different conclusions from it, the trial court correctly directed a verdict on the issue of liability.

## EVIDENCE OF THE EXPERT WITNESS

Sears next contends that the district court erred in allowing Marple to adduce evidence that Sears, in preparation for trial, retained an expert, Jayne, who interviewed Marple. When the evidence was presented, Sears objected that it was irrelevant and that it violated the Nebraska rules of discovery.

In its brief, however, Sears did not discuss the relevance of the evidence. This court will not consider assignments of error which are not discussed in the brief. *Chadron Energy Corp. v. First Nat. Bank*, 236 Neb. 173, 459 N.W.2d 718 (1990). See, also, *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993); *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 235 Neb. 207, 454 N.W.2d 671 (1990).

Sears also objected that eliciting evidence about Jayne's interview of Marple violated the Nebraska rules of discovery. Specifically at issue is whether adducing evidence of the existence of an opponent's expert, retained pursuant to rule 26(b)(4)(B), violates that rule.

In support of its position, Sears cites a number of cases, all of which concern the propriety of allowing discovery, and none of which concern adducing evidence. However, Sears recognizes this. Sears argues that it is the underlying rationale of these cases and of rule 26(b)(4)(B) which supports its position. In its brief, Sears says that the rule is based on the concept of fairness and that the rule was designed to prevent a party from taking advantage of another party's trial preparation.

However, we fail to see how Marple took advantage of Sears' trial preparation. Sears had Jayne interview Marple at a time when Jayne was not a rule 26(b)(4)(B) expert. Sears could have made Jayne a rule 26(b)(4)(B) expert prior to the interview. Any harm Sears may have suffered resulted from its decision to change Jayne's designation after the interview of Marple.

Furthermore, subsequently changing Jayne's designation did not change the fact that Jayne had become a percipient witness.

We are not persuaded to create a rule barring evidence of the existence of a rule 26(b)(4)(B) expert under the facts of this case. Although Sears has contended that the court erred in allowing Marple's counsel, during his closing argument, to comment on the fact that Sears did not call Jayne as a witness, that issue is not properly before us. Sears filed a motion in limine in which it sought to have Marple's counsel prohibited from making such comments during closing arguments, but the motion was overruled in that regard. The overruling of a motion in limine is not reviewable on appeal. See *McCune v. Neitzel*, 235 Neb. 754, 457 N.W.2d 803 (1990). The record fails to show that Sears objected to the comments when made. Where it is claimed that an attorney is guilty of misconduct in arguing a case to a jury, and it is desired to raise a question on that point for decision in an appellate court, it is necessary that the objection be made to the trial court at the time and an adverse ruling had thereon and that the same be made a part of the record by a proper bill of exceptions. *Sandomierski v. Fixemer*, 163 Neb. 716, 81 N.W.2d 142 (1957).

Sears also assigned as error the court's refusal to give its offered instruction concerning such an expert. To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Kozeny v. Miller*, 243 Neb. 402, 499 N.W.2d 75 (1993). As our earlier discussion illustrates, the tendered instruction is not warranted by the evidence.

The decision of the district court is affirmed.

AFFIRMED.

HASTINGS, C.J., not participating.