CHARLES L. TERRY, APPELLANT, v. WALLACE E. DUFF, M.D., APPELLEE.

519 N.W.2d 550

Filed July 29, 1994.   No. S-92-698.

Michael J. Lehan, of Kelley & Lehan, P.C., and Ivory Griggs for appellant.

David D. Ernst, of Gaines, Mullen, Pansing & Hogan, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

Charles L. Terry appeals from a jury verdict in favor of Wallace E. Duff, M.D., in Terry's lawsuit against Duff for medical malpractice.

This court previously vacated the judgment and remanded the cause for a new trial because a complete and official bill of exceptions was never filed with this court. See *Terry v. Duff*, *ante* p. 11, 516 N.W.2d 591 (1994). Subsequent to the filing of our opinion, the clerk of the Douglas County District Court found the original certified bill of exceptions and filed it with the Clerk of the court. Upon the motion of Duff for rehearing, we now consider the case on the merits.

We affirm the order of the district court.

## STANDARD OF REVIEW

In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Kozeny v. Miller*, 243 Neb. 402, 499 N.W.2d 75 (1993). A civil verdict will not be set aside where evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact. *Id.*

## FACTS

On October 17, 1988, Duff performed elective sinus surgery on Terry to relieve difficulty in breathing. The surgery normally has a success rate of 85 percent, and 15 percent of patients will have problems postoperatively. Patients who have this type of surgery normally require a minimum of 3 months' postoperative care, and Terry did not improve as much as Duff would have liked. Terry discontinued treatment with Duff on March 6, 1989, and filed his lawsuit against Duff on March 7, 1990.

In his petition, Terry alleged that, as a result of the surgery, he now suffers from a total loss of smell, total loss of taste, and total loss of ability to blow his nose and clear his sinus; that he further suffers headaches, nausea, diarrhea, inability to sleep, and work deterioration; and that he is now totally unemployable.

An issue at trial was the state of Duff's medical records on Terry. Terry presented testimony by document examiners that entries in Duff's office records had not been made on the dates indicated and that the majority of the entries had been made at one sitting. There were also errors in the records, notably statements made by Duff in preoperative and postoperative hospital records, that Terry had had a preoperative computerized tomography scan, when, in fact, he had not.

Duff conceded that his office records on Terry had not been compiled in the same fashion as his other patients' records,

although he denied altering or making additions to the records. Duff claimed that he himself compiled and summarized all the nurses' notes and staff notes on Terry because Terry was a problem patient who intimidated Duff's office personnel from the very beginning. Duff could not recall whether he compiled the record before or after Terry filed suit.

Prior to trial, Terry filed a motion in limine to prevent Duff's expert witness from rendering an opinion based on Duff's medical records on Terry.

However, Terry introduced the medical records into evidence himself, and Terry's own expert witness rendered numerous opinions about Duff's care of Terry based upon the contents of the records.

Terry also objected to jury instruction No. 4, setting forth the elements of negligence and the burden of proof, and submitted a proposed instruction to the court.

The jury rendered a verdict in favor of Duff, and Terry appealed to the Nebraska Court of Appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

## ASSIGNMENTS OF ERROR

Terry assigns as error the trial court's (1) allowing the jury to receive expert medical opinions based upon documents which were created by Duff and which did not have any of the traditional indicia of reliability accorded medical records; (2) giving a jury instruction which required the jury to find Duff negligent on all allegations before returning a verdict for Terry, and failing to give Terry's requested instruction; and (3) overruling Terry's motion for new trial.

## ANALYSIS

### EXPERT MEDICAL OPINION

In his first assignment of error, Terry asserts that the trial court should not have permitted Duff's expert medical witness, Dr. William Friedman, to render an opinion based on the records produced in the case. The records in question previously had been the subject of Terry's motion in limine and included "medical records from Dr. Duff's office, or his

pre-operative or post-operative dictation at Bergan Mercy Hospital." Terry's motion in limine was renewed at the time Friedman testified and was overruled.

Terry argues that Friedman should not have been permitted to render an expert opinion based on the records in question because

> the records provided by Duff to Friedman were not traditional medical records. They were not prepared at or near the time that the alleged medical services were provided, and the records were subsequently altered. The records may even have been prepared after notice of the lawsuit[;] much of the information contained in the records is false.

Brief for appellant at 21.

In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not by judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in the admissibility of evidence. *McDonald v. Miller, ante* p. 144, 518 N.W.2d 80 (1994). The basis of opinion testimony by an expert witness is controlled by Neb. Evid. R. 703, Neb. Rev. Stat. § 27-703 (Reissue 1989), which states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those *perceived by or made known to him at or before the hearing.* If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

(Emphasis supplied.)

The record shows that Duff's medical records, as well as his preoperative and postoperative dictations, were entered into evidence by Terry. Terry also had his own expert witness testify extensively about Duff's care of Terry based upon those same records. The information in the records was before the jury and thus was "perceived by or made known" to Friedman at the time of trial through the actions of Terry himself. As a consequence, Friedman was permitted by rule 703 to base his

expert opinion on those records.

Assuming without deciding that it was impermissible for a defense expert to testify based upon Duff's office records and his preoperative and postoperative dictations, it likewise would have been impermissible for Terry's expert to render an opinion on those same records. If it was error for Friedman to testify based upon Duff's records, it was error which Terry, by introducing the records into evidence, invited the court to commit. A party cannot complain of error which the party has invited the court to commit. *Norwest Bank Neb. v. Bowers*, 246 Neb. 83, 516 N.W.2d 623 (1994). This assignment of error is without merit.

## JURY INSTRUCTION

Next, Terry contends that the court erred in giving jury instruction No. 4 and refusing to give Terry's proposed instruction in its place.

We note that, although instruction No. 4 is included in the transcript as required by Neb. Ct. R. of Prac. 4A(2) (rev. 1992), Terry's proposed instruction is not. It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *Larsen v. First Bank*, 245 Neb. 950, 515 N.W.2d 804 (1994). Thus, we confine our analysis to the question of whether it was error for the trial court to give jury instruction No. 4.

In an appeal based on a claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *McDonald v. Miller, supra*.

Instruction No. 4 states:

Before the plaintiff can recover against the defendant the burden is upon the plaintiff to prove by the greater weight of the evidence, each and all of the following *numbered propositions*:

1. That the defendant was negligent in *one or more* of the following *lettered particulars*:

A. In failing to obtain informed consent from the plaintiff before performing the surgery.

B. In failing to properly consult and communicate with the referring physician prior to proceeding with surgery on the plaintiff.

C. In failing to take a proper history.

D. In failing to conduct a proper medical work-up on the plaintiff.

E. In failing to conduct an adequate examination of the plaintiff prior to surgery.

F. In failing to initiate a course of medical treatment prior to surgery.

G. In failing to conduct a proper radiographic work-up prior to surgery including a computerized tomographic scan (CT scan).

H. In performing unnecessary surgery.

I. In failing to conduct a proper post surgery course of treatment for the plaintiff.

2. That such negligence, if any, of the defendant was the proximate cause or a proximately contributing cause of injury to the plaintiff.

3. That as a direct and proximate result of the defendant's negligence and resultant injury, the plaintiff, Charles L. Terry, sustained damages.

4. The nature, extent and amount of the damages thus sustained by the plaintiff, Charles L. Terry.

If the plaintiff has established by the greater weight of the evidence all of *the above-numbered propositions*, then your verdict will be for the said plaintiff and against the defendant for the amount of plaintiff's damages thus sustained.

If the plaintiff has failed to establish any one or more of the foregoing *numbered propositions* by the greater weight of the evidence, your verdict will be for the defendant.

(Emphasis supplied.)

Counsel for Terry objected to instruction No. 4 at the instruction conference on the basis that it was confusing. Counsel further stated that he was objecting "to *the form of the instruction, not so much the content.* . . . [I]n the context of reading the instructions to the jury, they are going to feel that

they have to find *each and all of the foregoing propositions* and that includes the allegations of negligence." (Emphasis supplied.)

On appeal, Terry argues that (1) the language requiring the jury to differentiate between "numbered propositions" and "lettered particulars" was needlessly confusing, (2) the instruction appeared to require the jury to find Duff negligent as to all allegations before returning a verdict for Terry, and (3) a question submitted by the jury to the court regarding instruction No. 4 was demonstrative of the jury's confusion.

A jury instruction that misstates issues or defenses and has a tendency to mislead the jury is erroneous. *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993). However, we believe the vast majority of jurors are capable of understanding and applying the distinction between letters and numbers, and Terry has offered nothing to indicate otherwise. Terry has failed to demonstrate that he was prejudiced by the court's use of such language in instruction No. 4.

Terry's argument that the instruction appears to require the jury to find Duff negligent as to all allegations before returning a verdict for Terry is likewise specious. To the contrary, the instruction clearly instructs the jury that it may find Duff negligent if it finds that Duff did *one or more* specific acts.

A question by the jury to the court, cited by Terry as the only evidence of the jury's confusion regarding instruction No. 4, was, "Does [subsection 1.G.] ask if the defendant was negligent if he *did not* perform a C.T. scan? 'Including' is confusing in its interpretation."

Rather than answering the question directly, the trial judge modified subsection 1.G. to read: " 'In failing to obtain a computerized tomography scan (CT scan) prior to surgery.' " A journal entry by the trial judge indicated that supplemental instruction No. 1 containing the modified language was given to the jury after the parties through counsel waived the reading of the instruction in open court. The record does not reflect that Terry objected to the modified language.

Whatever confusion may have existed as to subsection 1.G. of instruction No. 4, it was apparently resolved to the satisfaction of both parties by the trial court's modification.

This incident hardly supports Terry's claim that the jury was confused by the instruction.

The meaning of an instruction and not its phraseology is the important consideration; where the meaning of an instruction is reasonably clear, it is not prejudicially erroneous. *Burns v. Metz*, 245 Neb. 428, 513 N.W.2d 505 (1994). Although there may have been a better way to draft instruction No. 4, we find the meaning of the instruction to be clear. Terry has failed in his burden to demonstrate that instruction No. 4 was either prejudicial to him or in some way affected any of his substantial rights. This assignment of error is without merit.

### MOTION FOR NEW TRIAL

Although Terry assigned as error the trial court's overruling of his motion for new trial, this assignment of error is not discussed in his brief. To be considered by an appellate court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *Franksen v. Crossroads Joint Venture*, 245 Neb. 863, 515 N.W.2d 794 (1994). Therefore, this assignment of error will not be considered by this court.

## CONCLUSION

Having found no merit to any of Terry's assignments of error, we affirm the order of the district court entering judgment for Duff on the jury verdict.

AFFIRMED.