RONALD MOLT, APPELLANT, V. LINDSAY MANUFACTURING COMPANY, APPELLEE.

532 N.W.2d 11

Filed May 26, 1995. No. S-93-918.

John Morgan, of Morgan & Morgan, for appellant.

Margaret E. Stine, of Harding & Ogborn, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

## I. INTRODUCTION

Ronald Molt filed suit against his former employer, Lindsay Manufacturing Company (Lindsay), alleging that it distributed libelous material and made slanderous statements with regard to the termination of his employment. The district court granted summary judgment in favor of Lindsay, and Molt appeals.

## II. SCOPE OF REVIEW

When a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence which was previously sought to be excluded by the motion is offered during trial. Error cannot be predicated on the admission of evidence to which no objection was made when

the evidence was adduced. *Behm v. Northwestern Bell Tel. Co.*, 241 Neb. 838, 491 N.W.2d 334 (1992).

The overruling of a motion in limine is not reviewable on appeal. *Marple v. Sears, Roebuck & Co.*, 244 Neb. 274, 505 N.W.2d 715 (1993).

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom judgment is granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## III. FACTS

Molt was employed by Lindsay as a maintenance mechanic from July 27, 1987, to June 22, 1992. In June 1992, he was working the third shift from 10:30 p.m. to 7 a.m. When he arrived for work on June 22, he was met by Dave Veach, a second-shift production manager, who took Molt to the office of Patrick Daley, director of human resources. Daley informed Molt that the company had videotape evidence of Molt's pilfering from a change machine in building No. 4. Molt was given the option of resigning or being terminated. After Molt refused to quit, Daley terminated his employment. Molt was then escorted out of the building by Veach.

On June 24, 1992, Molt's wife called Lindsay and demanded that the reason for Molt's termination be put in writing. Daley wrote a letter, which was typed by Peggy Carter, an administrative assistant in the human resources department. Carter personally delivered the letter to Molt's wife in a sealed envelope. The letter states: "As requested, this letter confirms your termination from Lindsay Manufacturing Co. on June 22, 1992. Separation information form states reason for termination, 'Lindsay has evidence of Ron's pilfering the company's change machine in the Maintenance building'. Any questions may be directed to me."

After Molt's termination, the Nebraska Department of Labor Unemployment Insurance Division sent a request for separation information to Lindsay, seeking information on Molt's termination. In response, the form, which was signed by Carter, indicated that the company had evidence of Molt's pilfering from the company's change machine. Sharon Nordhues, a Department of Labor employee, called Daley to obtain additional information. Daley told Nordhues he could not provide additional information concerning the pilfering because of pending litigation. Daley also told Nordhues he understood that Molt would be allowed benefits because there was insufficient evidence to establish misconduct.

Molt's amended petition alleged that on or about June 24, 1992, Lindsay distributed the above-described letter, which contained libelous matter. Molt alleged that at or about the same time, Lindsay falsely and maliciously accused Molt of thievery in the presence of others and that the written and spoken publications were made with malice. Molt alleged that the letter and the spoken word were widely circulated, resulting in injury to his earning capacity, as well as his personal and business reputations. Lindsay denied the allegations and affirmatively alleged that the termination letter was privileged and that the information contained in the letter was true.

The parties stipulated that Lindsay had used a video tape recorder to discover whether individuals were pilfering from the change machine in building No. 4 and that Molt was in contact with the change machine on June 22, 1992. It was further stipulated that the person appearing on the videotape was Molt, that Lindsay had a procedure to follow when an employee lost money in a change machine, and that Molt did not follow that procedure. The parties stipulated that Molt's employment was terminated on June 22 and that Molt's wife requested a letter of termination on June 24.

Molt filed a motion in limine on August 9, 1993, requesting the exclusion of the videotape. Molt asserted that no person was present at the time the videotape was made, so no witness could lay foundation for the admission of the videotape into evidence. The motion was overruled on September 8. On August 30, Lindsay filed a motion for summary judgment, offering in

support the videotape of Molt, as well as a number of affidavits and depositions. The motion was sustained on October 5.

## IV. ASSIGNMENTS OF ERROR

Molt alleges that the district court erred in overruling his motion in limine and in sustaining Lindsay's motion for summary judgment.

## V. ANALYSIS

### 1. MOTION IN LIMINE

Molt's assignment of error concerning the overruling of a motion in limine is without merit because such a ruling is not reviewable on appeal. See *Marple v. Sears, Roebuck & Co.*, 244 Neb. 274, 505 N.W.2d 715 (1993). In *McCune v. Neitzel*, 235 Neb. 754, 457 N.W.2d 803 (1990), we stated that a motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. We noted that it is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence.

When the court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence which was previously sought to be excluded is offered during the trial. *Id.* Error cannot be predicated on the admission of evidence to which no objection was made when the evidence was adduced. *Behm v. Northwestern Bell Tel. Co.*, 241 Neb. 838, 491 N.W.2d 334 (1992). The motion in limine sought to exclude videotape evidence. Molt did not object when the videotape was offered at the summary judgment hearing. Molt has therefore failed to preserve his objection to this evidence and has waived any complaint about it on appeal.

### 2. SUMMARY JUDGMENT

Molt argues that Lindsay committed libel by publishing the reason for his termination in a letter which was seen by numerous individuals at the company and by stating the reason in the communication with the Department of Labor. He also suggests that Lindsay committed slander when numerous individuals at the company told other individuals of the reason for Molt's termination. Molt claims there exist genuine issues of material fact concerning whether various employees needed

to know the reason for his termination, whether the information provided to the Department of Labor was privileged, whether the allegations were false, and whether the company acted with malice.

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom judgment is granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

In Nebraska, in a libel or slander action, "it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff, and if the allegation be denied, the plaintiff must prove on the trial the facts, showing that the defamatory matter was published or spoken of him." Neb. Rev. Stat. § 25–839 (Reissue 1989). Accord *White v. Ardan, Inc.*, 230 Neb. 11, 430 N.W.2d 27 (1988).

In such an action,

> the defendant may allege the truth of the matter charged as defamatory, prove the same and any mitigating circumstances to reduce the amount of damages, or prove either. The truth in itself and alone shall be a complete defense unless it shall be proved by the plaintiff that the publication was made with actual malice. Actual malice shall not be inferred or presumed from publication.

Neb. Rev. Stat. § 25–840 (Reissue 1989).

Lindsay asserted two affirmative defenses: truth and privilege. We begin by considering Lindsay's assertion that the statements were true. We then consider whether the statements were privileged.

### (a) Truth

The information disseminated by Lindsay alleged that Molt had been terminated for pilfering from a change machine. The evidence of the alleged pilfering was obtained after Lindsay

learned of a shortage in the machine. Company employees were directed to place a surveillance camera in the ceiling near the machine. The camera was aimed toward the machine and was programmed to tape from 12:10 to 6 a.m. on June 22, 1992. On the videotape, Molt is seen placing a $1 bill into the machine at about the same time he places a screwdriver or other tool into the machine. He drops the $1 bill, leans over to pick it up, looks around, and then walks away. About 20 seconds later, he returns and places some type of paper which may or may not be a $1 bill and the tool into the machine. He jimmies with the tool for about 15 seconds, stops, looks into the machine, jimmies with the tool again, and then looks around as he walks away. He returns a second time about 20 seconds later. He places a piece of paper and the tool into the machine, jimmies with it for about 25 seconds, and peers into the machine opening. He picks up something from the change compartment of the machine as he continues to look into the opening, and then he walks away.

On June 22, 1992, the videotape was retrieved and viewed by Don Cook, maintenance manager, and Gus Anderson, maintenance leadperson, the men who had installed the camera. Cook then took the videotape to company officials for viewing. The videotape was viewed by Daley, director of human resources; Cliff Loseke, vice president of manufacturing; Bruce Karsk, vice president of finance; and Gary Parker, chief executive officer and president of Lindsay. These management representatives then made the decision to terminate Molt's employment.

Lindsay claims that the statement in the termination letter and the statement provided to the Department of Labor are true. As the party moving for summary judgment, Lindsay had the burden to show that no genuine issue of material fact existed and was required to produce sufficient evidence to demonstrate that it was entitled to judgment as a matter of law. See *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995).

"The truth of a defamatory statement is measured by the ordinary implication of the words, at the time the statement was made . . . ." 53 C.J.S. *Libel and Slander* § 108 at 194 (1987). Although Molt contends that he was merely attempting to obtain

change from the change machine, the parties stipulated that Lindsay has a procedure to be followed when an employee loses money in a change machine and that Molt did not follow that procedure. The videotape shows Molt approaching the machine on three occasions, and on each occasion, he uses a tool to jimmy the machine. Only on the first trip does it appear that he actually places a $1 bill into the machine. The ordinary implication of Lindsay's words, that Lindsay had evidence that Molt was pilfering, is supported by the videotape.

After the moving party has shown facts entitling it to summary judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Jim's, Inc. v. Willman*, 247 Neb. 430, 527 N.W.2d 626 (1995). At the hearing on the motion for summary judgment, Molt offered his own affidavit, in which he denied stealing from Lindsay and stated that he was told he would be prosecuted for theft if he did not resign.

Molt's affidavit that he did not steal from Lindsay is sufficient to raise a material question of fact as to whether the reason given for Molt's termination was true. Therefore, the affirmative defense of truth cannot be decided by summary judgment. We must then consider whether the statements made by Lindsay were privileged.

### (b) Privilege

Lindsay also asserted privilege as an affirmative defense. One of the bases asserted by Molt for his libel claim is Lindsay's completion of the form requested by the Department of Labor. Carter, an administrative assistant in the human resources department, completed the form, on which she stated: "Have evidence of employee pilfering money from company's change machine." Daley declined to provide additional information to the Department of Labor because of pending litigation and stated he understood that benefits would be allowed because of insufficient evidence to establish misconduct.

We have previously addressed the question of privilege. In *White v. Ardan, Inc.*, 230 Neb. 11, 19, 430 N.W.2d 27, 32–33

(1988), we stated:

> Generally, whether a publication is privileged is a question of law to be determined by the court. . . . A communication is privileged if made bona fide by one who has an interest in the subject matter to one who also has an interest in it or stands in such relation that it is a reasonable duty, or is proper, for the writer to give the information.

Our consideration of the issue must also be based on state law, which provides in part:

> All letters, reports, communications, or any other matters, either oral or written, from an employer or his or her workers to each other or to the commissioner or any of his or her agents, representatives, or employees which shall have been written or made in connection with the requirements and administration of the Employment Security Law, or the rules and regulations thereunder, shall be absolutely privileged and shall not be made the subject matter or basis for any suit for slander or libel in any court of this state, unless the same be false in fact and malicious in intent.

Neb. Rev. Stat. § 48–612 (Reissue 1988).

Thus, information provided to the Department of Labor is privileged and cannot be the basis for a libel suit unless the information is both false and malicious. Although there remains a question of fact as to whether the statement was false, there is no evidence in this case to establish that the statement to the Department of Labor was made with malicious intent. Therefore, according to the statute, the statement made to the Department of Labor was absolutely privileged, and as a matter of law, Molt has no cause of action for libel on the basis of the statement to the department.

We next address the termination letter and the communications made to various personnel at Lindsay. Molt objects to the fact that Veach, a second–shift production manager, knew of the reason for Molt's termination. Molt argues that Veach had no reason to know. We disagree. Veach was on duty when Molt arrived at the plant. Veach was asked to escort Molt to Daley's office, and Veach escorted Molt from

the building after the termination. Daley stated in a deposition that he asked Veach, who was still on duty at the time Molt arrived for work, to meet Molt at the door and escort him to Daley's office. Veach said Daley told him the reason for Molt's termination, but Veach told no one else and did not see the termination letter. It was appropriate for Veach, as a shift manager, to be informed of the reason for an employee's termination.

Molt also asserts that Rick Eberhardt, a Lindsay employee, was told by Veach and by a security guard, Patrick Robak, that Molt had been fired for pilfering. Molt offered this testimony by way of his affidavit, which was properly objected to on the basis of hearsay. The court overruled the objection and admitted the affidavit. Neb. Rev. Stat. § 25-1334 (Reissue 1989) requires that supporting and opposing affidavits must set forth such facts as would be admissible into evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The record contains no deposition or affidavit from Eberhardt. We have not been presented with any admissible evidence as to information which was given to Eberhardt by a Lindsay employee.

Molt next argues that Cook, Loseke, Parker, Karsk, Veach, Carter, Anderson, Daley, and Dalene Purchal, a secretary in the human resources department, knew that Molt was terminated for pilfering and that at least three of these individuals had no need to know. As we review the depositions and affidavits in support of the motion for summary judgment, we find that each of these employees had a bona fide interest in the subject matter or stood in such relation that it was reasonable or proper for him or her to receive the information. The information was privileged, and where a qualified privilege exists, there can be no recovery without proof of malice. *Kloch v. Ratcliffe*, 221 Neb. 241, 375 N.W.2d 916 (1985).

Having determined as a matter of law that a qualified privilege existed under the facts of this case, we next consider whether there is a material question of fact as to whether the publication was made with malice. Molt contends that malice existed because Molt had offered to take a polygraph test and Lindsay officials refused. Molt further contends that there was

no need to fire him for pilfering and to place in writing the reason. He asserts that the only purpose served in accusing him of pilfering and then putting it in writing was to humiliate and frighten him. We disagree. In order to establish malice, Molt must demonstrate that the publication was made with hate, spite, or ill will. See *Turner v. Welliver*, 226 Neb. 275, 411 N.W.2d 298 (1987). None of the depositions or affidavits provide support for Molt's claim that Lindsay's actions were motivated by malice.

As to Molt's claim that Lindsay did not need to put the reason for termination in writing, we point out that it was Molt's wife who contacted Lindsay and requested that the reason be put in writing in a letter of termination. The letter was typed and placed in a sealed envelope. Daley stated that he did not distribute the letter to anyone other than Molt's wife, and at least 10 Lindsay employees testified that they did not see the termination letter. "[T]here is no publication when the words are communicated only to the person defamed . . . ." 53 C.J.S. *Libel and Slander* § 50 a. at 97 (1987).

## VI. CONCLUSION

Although we find that a genuine issue of material fact remains as to the truth of the allegedly libelous and slanderous information, we find that the publication of the statements was privileged and was without malice. The district court properly granted summary judgment, and we affirm the order of the district court.

AFFIRMED.